*576 OPINION.
Lansdon:
The petitioners allege that certain amounts received from a corporation in 1923, which the respondent has held taxable as dividends, constitute a return of capital incident to the redemption of common stock. The controversy arises not from a dispute . over the facts, but from different interpretations thereof and of the applicable provisions of the revenue act. Section 201 (d) of the Revenue Act of 1921 provides:
A stock dividend shall not be subject to tax but if after the distribution of any suck dividend the corporation proceeds to cancel or redeem its stock at such time and in suck manner as. to make tke distribution and cancellation or redemption essentially equivalent to tke distribution of a taxable dividend, tke amount received in redemption or cancellation of tke stock shall be treated as a taxable dividend to tke extent of tke earnings or profits accumulated by suck corporation after February 28, 1913.
In the Revenue Act of 1924 the above provision was amended by inserting “ before or ” in the first line so that the clause reads “ but if before or after the distribution of any such dividend the corporation proceeds to cancel or redeem its stock * * The Revenue Act of 1921 was in force and effect during the taxable year and the question presented in this proceeding must be determined in strict accordance with its provisions. The Company issued no stock dividends prior to the redemption of a part of its capital stock on February 1, 1923, and there has been no redemption of stock after the distribution of stock dividends on March 20 and June 2, 1923. We think section 201 (d) is not applicable to the facts of the instant proceeding.
The questions arising with reference to the taxability of distributions by a corporation are discussed at some length in Frank D. Barrow,, 8 B. T. A. 276, where it is held that in so far as a distribution represents the return of capital it shall be free from tax. See also Philetus W. Gates, 9 B. T. A. 1133; Elizabeth Berthold, 12 B. T. A. 1306; and J. L. Washburn, 16 B. T. A. 1091.
*577 If the respondent’s interpretation of the facts is to be sustained we must find that the redemption of 3,000 shares of common stock in February, 1923, and the issuance of stock dividends on March 20 and June 2, 1923, were for taxation purposes one single transaction. The evidence adduced will not support such a conclusion. Several officers and directors of the Company, who were called as witnesses for the petitioners, testified that at the time the Company determined to redeem a portion of its capital stock there was no thought of increasing the capital structure or distributing stock dividends; that the 3,000 shares of stock were redeemed for cash about the first of February, 1923; and that stock dividends were thereafter declared and paid in order to bring the capital structure of the company more nearly in line with the actual value of its assets. Their testimony, which is clear and uncontradicted, convinces us that these transactions were separate and distinct, one having no relation to the other.

Decision will be entered for the 'petitioner.